UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


KIRK WHITTAKER,

       Petitioner,

v.                                CASE NO. 6:05-cv-375-Orl-19KRS
                                    (6:92-cr-104-Orl-19KRS)

UNITED STATES OF AMERICA,

       Respondent.

_____

## ORDER

      This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Kirk Whittaker.  The Government filed a timely response to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts* (Doc. No. 4).  Petitioner then filed a reply (Doc. No. 17).

      Petitioner alleges three claims for relief in his motion:  first, that his sentencing "enhancement for Leadership were [sic] neither admitted by [him] nor found by jury . . . ."; second, that he received ineffective assistance of counsel at sentencing; and third, that he met the "criteria for eligibility for upon [sic] enhancement for leadership being dropped."

*Procedural History*

      Petitioner and several other individuals were charged in a forty-count superseding

indictment with the commission of various crimes (Criminal Case No. 6:92-cr-104-Orl-19KRS, Doc. No. 514, filed October 1, 1992)[1].  Petitioner was charged in counts one, three, thirty-two, and thirty-three.

Petitioner subsequently entered into a written plea agreement in which, among other matters, he agreed to enter pleas of guilty to counts one, thirty-two, and thirty-three (Criminal Case Doc. No. 718, filed January 22, 1993).  The Court held a hearing on the pleas and ultimately accepted them.  The Court then adjudicated Petitioner guilty of one count of conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base (count one) and two counts of money laundering (counts thirty-two and thirty-three) (Criminal Case Doc. No. 990, filed May 25, 1993).  The Court sentenced Petitioner to life imprisonment as to count one and for a term of twenty years as to each of the remaining counts, with all of the sentences to run concurrently.

Petitioner filed a direct appeal with the Eleventh Circuit Court of Appeals, which was dismissed for want of prosecution on November 18, 1993.  *See* Criminal Case Doc. No. 1079, filed November 22, 1993.

On December 11, 1995, Petitioner filed a motion for reduction of sentence, *see* Criminal Case Doc. No. 1193, which was granted in that his term of imprisonment was reduced to 262 months, with the two twenty-year terms for money laundering to be served concurrently.  *See* Criminal Case Doc. No. 1228, filed July 17, 1996.

---

[1]Hereinafter Criminal Case No. 6:92-cr-104-Orl-19KRS will be referred to as "Criminal Case."

Petitioner next filed a section 2255 motion, *see* Criminal Case Doc. No. 1262 filed December 24, 1996, in which he raised four claims.  The Court denied claims two, three, and four, and conducted an evidentiary hearing as to claim one (Criminal Case Doc. No. 1316, filed July 23, 1997).  After the evidentiary hearing, the Court granted claim one in that Petitioner was permitted to file an out-of-time direct appeal (Criminal Case Doc. No. 1332, filed September 24, 1997).

Petitioner then filed another direct appeal, and, on July 27, 1999, the appellate court affirmed his convictions and sentences in a written, unpublished opinion.  *See* Criminal Case Doc. No. 1402, filed September 2, 1999.  Mandate was issued on August 31, 1999.

On July 26, 2000, Petitioner filed a second section 2255 motion, *see* Criminal Case Doc. No. 1436, which was denied without prejudice on August 7, 2000 (Criminal Case Doc. No. 1437).  Petitioner did not appeal the denial.

On January 18, 2005, Petitioner applied for leave to file a second or successive section 2255 motion with the appellate court.  On February 17, 2005, the appellate court denied his request as unnecessary, finding that the earlier section 2255 motion had not caused subsequent section 2255 motions filed after the completion of the appeal to be successive.

***Petitioner's Waiver of Section 2255 Relief in His Plea Agreement***

Petitioner is not entitled to relief because he waived his right to collateral relief in his plea agreement and because his claims are procedurally barred.

As discussed above, Petitioner entered into a written plea agreement with the

Government (Criminal Case Doc. No. 718).  Pursuant to the agreement, Petitioner agreed as

follows:

> [Petitioner] knowingly and voluntarily agrees to waive his right to appeal or contest, **directly or collaterally**, his sentence on any ground, unless the Court should impose a sentence in excess of the statutory maximum or otherwise impose a sentence in violation of law apart from the sentencing guidelines.

Plea Agreement at 5 (emphasis added).  Thus, the plain language of the plea agreement

informed Petitioner that he was waiving a collateral attack on his sentence.

"It is well settled that sentence-appeal waivers are valid if made knowingly and

voluntarily."  *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir.), *cert. denied*, 126 S. Ct.

746 (2005).  With regard to whether a sentence-appeal waiver included the waiver of the right

to challenge the sentence collaterally in the context of a section 2255 motion, the Eleventh

Circuit Court of Appeals in *Williams* held as follows:

> [E]very Circuit to have addressed the issue has held that a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.  *See United States v. White*, 307 F.3d 336, 341-44 (5th Cir.2002); *Garcia-Santos v. United States*, 273 F.3d 506, 508-09 (2d Cir.2001); *Davila v. United State*s, 258 F.3d 448, 451-52 (6th Cir.2001); *United States v. Cockerham*, 237 F.3d 1179, 1183-87 (10th Cir.2001), *cert. denied*, 534 U.S. 1085, 122 S.Ct. 821, 151 L.Ed.2d 703 (2002); *Mason v. United States*, 211 F.3d 1065, 1069-70 (7th Cir.2000), *cert. denied*, 531 U.S. 1175, 121 S.Ct. 1148, 148 L.Ed.2d 1010 (2001).  We are persuaded by the foregoing consistent line of authority from our sister Circuits on this issue, particularly since a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless.

*Id*. at 1342 (footnote omitted).  The appellate court held that the appellant's valid sentence-

appeal waiver precluded his section 2255 claim, which was based on ineffective assistance

of counsel at sentencing.

In the present case, at the plea hearing, Petitioner specifically acknowledged that he understood 1) the terms of his plea agreement, and 2) the appeal waiver contained therein. (Transcript of Plea Hearing at 78, 104.)  The Court subsequently determined that Petitioner had entered into the written plea agreement, which contained the appeal waiver, knowingly and voluntarily.  *Id.* at 254-55.  The plain language of the plea agreement informed Petitioner that he was waiving a collateral attack on his sentence; therefore, the express terms of the plea agreement prevent this Court from considering these claims.  Under these circumstances, it is clear that the sentence-appeal waiver precludes Petitioner's claims in the instant section 2255 motion, and they must be denied.

Additionally, the Court finds that claims one and three are procedurally barred because they were not raised on direct appeal.  "Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding."  *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112 (1995).  Petitioner has not demonstrated cause or prejudice with regard to his failure to raise these claims on direct appeal.[2] Likewise, Petitioner has neither alleged nor shown the applicability of the fundamental

---

[2]To the extent that Petitioner relies on the decisions of *Blakey v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005), which were entered after his judgment of conviction and sentence became final, the Court notes that those cases do not apply retroactively to section 2255 cases.  *See Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (holding that "*Booker's* [and *Blakely's*] constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review.").

miscarriage of justice exception.[3]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.       The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1, filed March 10, 2005)  filed by Kirk Whittaker is **DENIED**, and this case is **DISMISSED** with prejudice.

2.       The Clerk of the Court shall enter judgment accordingly and is directed to close this case.  A certified copy of this Order and the judgment shall also be filed in criminal case number 6:92-cr-104-Orl-19KRS.

3.       The Clerk of the Court is directed to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 1509, filed March 10, 2005) pending in case number 6:92-cr-104-Orl-19KRS.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this __10th___ day of November, 2005.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3]Arguably, portions of claims one and three were raised on direct appeal.  The Court determines that those portions of claims one and three that were raised on direct appeal cannot be relitigated on a section 2255 motion since Petitioner has failed to set forth any grounds that demonstrate the necessity for reconsideration of those claims.

Copies to:
pslc 11/10
Kirk Whittaker
Counsel of Record